HORNER *v.* CARTER and another.*

(*Circuit Court, E. D. Missouri.* April 14, 1882.)

1. CORPORATIONS—DISSOLUTION—CREDITORS—REV. ST. MO. § 744.

Section 744 of the Revised Statutes of Missouri requires a *pro rata* distribution of assets of dissolved corporations among their creditors, where such assets will not suffice to pay all demands in full.

2. SAME.

Where the president and directors of a dissolved corporation divide its assets among the stockholders, or appropriate them to their own use, and leave a debt due from the corporation unpaid, the party to whom this debt is due cannot maintain an action at law against such president and directors, under said

*Reported by B. F. Rex, Esq., of the St. Louis bar.

section of the Missouri statutes, unless (1) the amount due such creditor has been previously ascertained in proceedings in equity ; or (2) this demand is the only one which existed against the corporation at the time of its dissolution, and the assets received by the president and directors equalled or exceeded it in amount.

3. SAME—PLEADING.

Unless the petition avers one or the other state of facts it will be demurrable.

4. SAME.

Whether the facts out of which the dissolution of the corporation resulted should not be averred, *quære.*

General Demurrer to the Petition.

*S. Herman,* for plaintiff.

*Hayden & Glover,* for defendants.

TREAT, D. J. The proposition involved arises under section 744 of the Revised Statutes of Missouri. That section is in these words :

"Upon the dissolution of any corporation * * * the president and directors, or managers of the affairs, of said corporation at the time of its dissolution, by whatever name they may be known in law, shall be trustees of such corporation, with full powers to settle the affairs, collect the outstanding debts, and divide the moneys and other property among the stockholders, after paying the debts due and owing by such corporation at the time of its dissolution, as far as such money and property will enable them; to sue for and recover such debts and property by the name of trustees of such corporation, describing it by the corporation name, and may be sued by the same; and such trustees shall be jointly and severally responsible to the creditors and stockholders of such corporation to the extent of its property and effects that shall have come into their hands."

The plaintiffs have sued, under an alleged demand against a dissolved corporation, the two defendants, on the ground that at the date of the dissolution they were directors or managers of said corporation. Is such a case maintainable at law? In courts where state statutes have not commingled law and equity proceedings, and where there are no statutes controlling or subverting recognized proceedings in equity, no question would be debatable in a case like the present. Does the statute quoted subvert the recognized rules in equity, or substitute therefor a new mode of proceedings, or merely give an additional remedy ?

A corporation is liable for its debts. If it is dissolved, its directors and managers must, under the statute, as trustees, proceed to wind it up. They must, as such trustees, apply the assets in their hands to the payment of said debts in the first instance, and are "jointly and severally responsible" to the extent of assets which have come into their hands for its faithful administration. If the corporation is dissolved, it may be that no need exists under the statute for a suit

against it to establish the supposed debt before proceeding further, as would have ordinarily been the case in equity against an existing corporation; that is, first obtain judgment against the corporation. The Missouri statute does not contemplate that suits at law may be brought by each creditor against such statutory trustees, and judgment had accordingly against them personally, irrespective of the extent of assets in their hands, and of the many demands that may exist against the same for *pro rata* distribution. It may be, if no demand save plaintiff's exists, and the assets are equal thereto, he may pursue the trustees therefor at law. To do so at law his averments must be accordingly, and must be such as to show by facts stated what will enable the court to determine as a matter of law that a dissolution has occurred whereby the defendants have become statutory trustees; also that there were assets in the hands of said trustees applicable to the payment of the plaintiff's demands, and equal to the amount claimed, there being no other demands prior or equal in right against said assets. If this course is to be pursued, instead of the usual one in equity, it is evident that the trust estate must have been first settled, or that the plaintiff's demand is the sole one.

It seems that the statute contemplates a mode of winding up a dissolved corporation, whereby its directors or managers are charged with a trust enforceable against them as trustees. They are jointly and severally responsible for the due administration of the trust, but are not jointly or severally *liable* for the debts of the dissolved corporation, irrespective of its assets, and the legal and equitable mode of distributing the same. It may be that if their maladministration of the trust had caused the plaintiff to suffer, an action at law would lie against them personally; and, if so, the petition should be full enough to show that personal liability had supervened their representative liability. The petition avers, in the affirmative, that without paying the debts of the corporation they had divided the assets among the stockholders, or had appropriated said assets to their personal use. If said trustees have so done, they ought to answer to the plaintiff, and to all other creditors, for the value of assets by them received, to the extent that said assets would meet *pro rata* the demands of the outstanding creditors. What is that *pro rata*, and how ascertained? Can one creditor sue for his individual demand, and hold said trustees personally liable, without regard to other creditors equal in right? The limitation of the statute is, properly, to the extent of assets which have gone into their hands, and no further. Hence, the demurrer is well taken, for it does not appear in the petition that

defendants were liable to the plaintiff without a prior settlement of the trust estate. No such settlement is averred, and the plaintiffs are creditors at large against the dissolved corporation.

As the statute has not, so far as known, received any judicial interpretation, this court must decide, as of first impression, what its force and effect may be. Without stating what may be allowable under its provisions in possible cases, the decision of this court is that the statute contemplates a proceeding in equity for the settlement of the trust in the first instance; and possibly, after such settlement, a case at law for the recovery by a creditor of the sum ascertained to be due to him on said settlement, not paid or properly accounted for by said trustees; or, at the furthest, that there was no demand by a creditor, save plaintiffs, against said estate, whose assets were equal to the payment thereof which had been misapplied or converted by the defendants to the wrong and injury of the plaintiffs. Any other rule would pervert the statute into manifest injustice, not against the enforced trustees alone, but also against all other creditors equal in right.

There is a technical question not decided, viz., whether the general allegation that the corporation is dissolved is sufficient, or whether the facts out of which dissolution results should not be averred. There are various modes of working a dissolution,—some by formal process through due proceedings at law; and it may be, within the statute quoted, a practical dissolution through certain facts whereby the duties and obligations mentioned are devolved upon the directors or managers. Have not such parties, as enforced trustees, a right to controvert the facts upon which plaintiffs rely to make them responsible?

Demurrer sustained.